IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES RICHARDSON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 5:05-CV-353 (WDO) |
| | : | |
| **JM SMITH CORPORATION,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

Plaintiff James Richardson was employed by Defendant JMS as a driver from February 1999 until January 20, 2004 when his employment was terminated for allegedly violating company policy. Plaintiff thereafter filed a charge with the EEOC alleging discriminatory termination and eventually received a Notice of Right to Sue. Upon Plaintiff's filing the instant action, Defendant JMS filed a motion to dismiss alleging that Plaintiff failed to exhaust his religious discrimination claim. The parties dispute whether Plaintiff filed a religious *and* a racial discrimination claim with the EEOC. To support its claim that Plaintiff only pursued his racial discrimination claim with the EEOC, JMS attached to its motion to dismiss and reply brief various documents allegedly showing Plaintiff failed to fully exhaust both claims. This matter is now before the Court on Plaintiff's motion to strike the affidavit of Sheri Childress, a paralegal in defense counsel's firm, that was filed with the reply brief.

Plaintiff contends the affidavit should be stricken because (1) it is untimely since it should have and could have been provided in Defendant's original motion which would have given Plaintiff the opportunity to respond to the affidavit; (2) it converts Defendant's Motion to

1

Dismiss into a Motion for Summary Judgment and thus Plaintiff must be permitted to conduct full discovery on the assertions testified to therein if it is not stricken; and (3) it is allegedly false.

As to the allegation that the affidavit is false, the parties simply dispute the meaning or interpretation of what was stated in the affidavit. The allegation that the affidavit is untimely is unfounded considering Plaintiffs has been allowed to respond to the affidavit in his motion to strike and has therefore suffered no prejudice. The Court agrees with Plaintiff's contention that the affidavit, along with the other affidavits and material that have been filed with the recent motions, require the Court to consider this matter pursuant to at least a summary judgment standard of review rather than on a motion to dismiss. Not only have matters outside the pleadings been presented to the Court but the nature of the allegations and defenses clearly warrant discovery. Plaintiff's motion to strike is DENIED. Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE to the Defendant's right to assert any or all defenses in a subsequent motion for summary judgment.

Also before the Court are the EEOC's motions to quash two subpoenas issued by Plaintiff for two EEOC employees. Because the parties dispute whether Plaintiff fully exhausted both his racial and religious discrimination claims, Plaintiff sought to depose two EEOC employees, an investigator and a supervisor. The EEOC filed motions to quash both subpoenas arguing that (1) the information sought is unreasonably cumulative and duplicative, (2) the testimony would be subject to the deliberative process privilege, (3) the EEOC's investigation, cause determination and litigation decision are not relevant issues in the litigation and (4) the burden that would be imposed by the depositions outweighs any likely benefit.

The deliberative process privilege protects the integrity of governmental decision-making processes by confirming that officials would be judged by what they decided, not for matters

they considered before making up their minds.  Taylor v. U.S. E.E.O.C., 2005 WL 3019244, at *2 (M.D. Fla. Nov. 10, 2005) (finding that disclosure of an EEOC Investigator's Memorandum would discourage open, frank discussions between the investigator and his superiors and may cause confusion as to the actual grounds for the EEOC's final decisions) (citing Petroleum Info. Corp. v. U.S. Dep't of Interior, 976 F.2d 1429, 1434 (D.C.Cir.1992)).  A document is protected by this privilege if it was prepared to assist an agency decisionmaker in arriving at his decision rather than to support a decision already made.  Petroleum Info. Corp., 976 F.2d at 1434 (citations omitted).  Further, the EEOC has a valid interest in minimizing its employees' involvement in cases once they are filed with a court thereby conserving its resources for cases currently pending before the EEOC.  Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989).

     Plaintiff has not shown that his need for the depositions outweighs the EEOC's interest in not providing its investigators for a deposition.  Plaintiff failed to show that the information he seeks through depositions has not already been made available him in the material submitted thus far or that would be submitted in future discovery.  As suggested by the EEOC, its designated representative could produce an affidavit to authenticate documents from the file or to set forth the general procedures of the EEOC.  However, any information related to the EEOC employees' decision-making processes or matters they considered before making up their minds regarding the determination made is protected by the deliberative process privilege.  The EEOC's motions to quash are therefore GRANTED.

     **SO ORDERED this 22nd day of March 2006.**

     S/
     **WILBUR D. OWENS, JR.**
     **UNITED STATES DISTRICT JUDGE**